UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Mariela Hernandez,

      *Plaintiff*,

   - *against* -

Patricia Pramer (a/k/a Patricia Machado Pramer),

      *Defendant*.
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**<u>COMPLAINT</u>**

  Plaintiff Mariela Hernandez ("Plaintiff" or "Hernandez") by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself, brings this complaint against Defendant Patricia Pramer (a/k/a Patricia Machado Pramer) (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

  1. Plaintiff brings this lawsuit seeking recovery against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

  2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

  3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

1

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF MARIELA HERNANDEZ

6. Plaintiff Hernandez was employed as a cleaner and home health aide for Defendant from on or around March 2020 to, through and including, April 15, 2020, and from June 2020 to, through and including, February 26, 2023

7. Plaintiff Hernandez was employed as a non-managerial for Defendant from on or around March 2020 to, through and including, April 15, 2020, and from June 2020 to, through and including, February 26, 2023.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT PATRICIA PRAMER (A/K/A PATRICIA MACHADO PRAMER)

9. Defendant Patricia Pramer (a/k/a Patricia Machado Pramer) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

10. Defendant Patricia Pramer (a/k/a Patricia Machado Pramer) determined the wages and compensation of Plaintiff, established the schedules of Plaintiff, maintained Plaintiff's records, and had the authority to hire and fire Plaintiff.

11. At all times relevant to this Complaint, Defendant Patricia Pramer (a/k/a Patricia

Machado Pramer) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

## FACTUAL ALLEGATIONS

12. Plaintiff was an employee of Defendant.

13. Plaintiff worked as a cleaner and home health aide for Defendant at the address located at 360 64th St., Penthouse, New York, NY 10065

14. Plaintiff's duties and responsibilities as a home health aide included, *inter alia*: providing direct support to an elderly patient, assisting with administering medication, assisting with the maintenance of good personal hygiene (such as helping with bathing, dressing, and using the restroom), cooking and cleaning, assisting with daily household tasks, accompanying the patient to appointments (including physical therapy and doctor's appointments), accompanying the patient to errands, answering and returning phone calls, tending to emergencies, and being "on-call" as-needed.

15. From approximately March 2020 to, through and including, April 15, 2020, and again from July 2020 to, through and including June 2022, Plaintiff worked a total of six (6) days per week, as follows: three (3) days per week from approximately 12:00 p.m. to 5:00 p.m. or 1:00 p.m. to 6:00 p.m., performing cleaning services, and again from 7:00 p.m. to 6:00 a.m., performing home health aide services (*i.e.,* 17 hours per day), and three (3) days per week from 7:00 p.m. to 6:00 a.m., performing home health aide services (*i.e.,* 11 hours per day), for a total period of approximately 84 hours during each of the weeks, respectively.

16. From approximately July 2022 to, through and including, February 26, 2023, Plaintiff worked a total of six (6) days per week, as follows: three (3) days per week from approximately 12:00 p.m. to 5:00 p.m. or 1:00 p.m. to 6:00 p.m., performing cleaning services,

and again from 8:00 p.m. to 4:00 a.m., performing home health aide services (*i.e.,* 13 hours per day), and three (3) days per week from 8:00 p.m. to 4:00 a.m., performing home health aide services (*i.e.,* 8 hours per day), for a total period of approximately 63 hours during each of the weeks, respectively.

17. From approximately March 2020 to, through and including, April 15, 2020, and again from July 2020 to, through and including February 26, 2023, Defendant paid Plaintiff a flat salary of $600 per week.

18. Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours.

19. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

20. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

21. Defendant did not give any notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

22. Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

23. Moreover, the breach of the obligations injured Plaintiff by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

24. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

25. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

26. Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

27. Defendant failed to pay Plaintiff the overtime wages to which she is entitled under the FLSA.

28. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

29. Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

30. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

31. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

32. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

33. Defendant failed to pay Plaintiff the overtime wages to which she is entitled under the NYLL.

34. Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages at one and one-half times her agreed-upon regular rate of pay (*i.e.,* $25.5 per hour).

35. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

36. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

37. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

38. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

39. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

40. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

41. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

42. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

c. awarding Plaintiff unpaid overtime wages;

d. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

e. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

f. awarding Plaintiff pre- and post-judgment interest under the NYLL;

g. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

    h.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 28, 2023                        Respectfully submitted,

                                                By:  /s/ Joshua Levin-Epstein
                                                      Joshua Levin-Epstein
                                                      Jason Mizrahi
                                                      Levin-Epstein & Associates, P.C.
                                                      60 East 42nd Street, Suite 4700
                                                      New York, New York 10165
                                                      Tel: (212) 792-0046
                                                      Email: Joshua@levinepstein.com
                                                      *Attorneys for the Plaintiff*